IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>        Defendant. | 7:21CV5009<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff captions his Complaint as one for "Violations of Civil Rights," but he entitles it as a "Notice of and Petition for Removal of a case from the County of Phelps County Court, Nebraska, bearing Case No. UNKNOWN (BECAUSE THE STATE HAS NOT FILED IT)." (Filing 1 at CM/ECF p. 1.) He cites federal removal statutes, 28 U.S.C. §§ 1441 (removal of civil actions), 1446 (procedure for removal), and alleges his "grounds for this removal" in 81 confusing paragraphs describing seemingly unrelated events (Filing 1 at CM/ECF pp. 1-7), including:

> • Plaintiff is missing $2.2 million in gold and silver bullion and 13 firearms, but the Nebraska State Patrol refuses to investigate.

• Nebraska and South Dakota "filed incorrect income withholdings resulting in [Plaintiff] being charged twice for child support each month from 2001 to present day."[1]

• In July 2018, Plaintiff called 911 to report human trafficking and a sexual assault in progress in Lincoln, Nebraska, but Plaintiff was told to call Crime Stoppers and no police officer responded. Plaintiff later learned that his daughter was the victim of the sexual assault he reported.

• On April 30, 2020, the Nebraska State Patrol "violently arrested" Plaintiff in North Platte, Nebraska, without a warrant or probable cause. During the arrest, "law enforcement personnel" beat Plaintiff and used unreasonable force. As a result of this incident, Plaintiff was charged with terroristic threats, a 3A felony, in Phelps County, Nebraska. *State v. Lammers*, No. CR 20-32 (Phelps County Dist. Court).[2] Because Trooper Schwarz is on the witness list for this criminal case, Plaintiff believes that Schwarz should not have contact with him, just as Plaintiff has been warned to avoid contacting "witnesses including those working in law enforcement and with court system."[3] However, Trooper Schwarz violated this rule by initiating a traffic stop of Plaintiff on November 9, 2021, without probable cause and for the purpose of intimidating Plaintiff with regard to his Phelps County criminal case. Trooper Schwarz allegedly "drew his service

---

[1] This exact issue is currently being litigated in *Ott v. Lammers*, Case No. CI 05-147 (Phelps County District Court) (see Jan. 25, 2022, Motion for Status Hearing filed by Lammers arguing the incorrect-income-withholding issue in case where judgment of child support was entered on September 8, 2005).

[2] Plaintiff previously filed a pro se case in this court attempting to remove Phelps County Criminal Case No. CR 20-32 to this court. Plaintiff's case was unsuccessful. *Lammers v. State of Nebraska*, No. 7:21CV5010, Filing 8 at CM/ECF p. 3 (Jan. 5, 2022) ("To the extent [Plaintiff's Complaint] may be construed as a notice of removal of Lammer's state criminal case to this court, his request is denied and this case is remanded to the District Court of Phelps County, Nebraska.").

[3] Plaintiff complains that this warning "in effect blocks [him] from acting pro se in his 35 (ish cases)" in the state courts. (Filing 1 at CM/ECF p. 4.)

weapon on [Plaintiff] and ordered [him] into a physically unnavigable ditch in the dark," acting as if "he was go[i]ng to murder [Plaintiff]," but Plaintiff refused. Plaintiff was eventually released with a citation for having suspended insurance after Trooper Schwarz and another trooper "heckled" Plaintiff about his daughter's senior pictures.

Attached to Plaintiff's Complaint are a copy of the citation for suspended insurance issued to Plaintiff by Trooper Schwarz on November 9, 2021; letters regarding Plaintiff's past-due child support; and medical records regarding Plaintiff.[4] (Filing 1 at CM/ECF pp. 8-35.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro

---

[4] The purpose of Plaintiff's medical records attached to his Complaint is unclear.

se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

#### A.  Petition for Removal

Plaintiff has filed a "Notice of and Petition for Removal" of an "unknown" case from Phelps County, Nebraska, that the "State has not filed." (Filing 1 at CM/ECF p. 1 (capitalization corrected).) Obviously, Plaintiff cannot seek to remove a non-existent case to this court. 28 U.S.C. § 1441(a) ("any civil action *brought* in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action *is pending*"). Under the terms of the federal removal statutes, the case to be removed must actually be "brought" and be "pending." Such is not the case here according to Plaintiff's allegations.

#### B.  Child-Support Challenge

To the extent Plaintiff intends to bring a claim challenging the amount of his child-support payments, this issue is currently being litigated in the state courts and is subject to dismissal under the domestic relations doctrine. *See Ott v. Lammers*, Case No. CI 05-147 (Phelps County District Court). It is well-settled that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). The United States Supreme Court has recognized a domestic relations exception "to the jurisdiction of the federal courts in light of long-held understandings and policy considerations." *Whiteside v. Nebraska State Health and Human Services*, No. 4:07CV3030, 2007 WL 2123754, *1 (D. Neb. July 19, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 694-95 (1992)). It is clear from the Complaint and the attachments thereto that addressing Plaintiff's child-support claim would require the court to entangle itself into issues of state child-support law, an area in which it does not have jurisdiction.

4

## C.  Section 1983 Claims

Plaintiff hints at constitutional claims brought under 42 U.S.C. § 1983 against Nebraska State Patrol officers for failing to investigate his missing property; against City of Lincoln police officers for failing to investigate his report of a sexual assault; against Nebraska State Patrol officers for "violently arrest[ing]" Plaintiff in North Platte, Nebraska, without a warrant or probable cause on April 30, 2020; and against Trooper Schwarz for initiating a traffic stop of Plaintiff on November 9, 2021, without probable cause and for the purpose of intimidating Plaintiff with regard to his Phelps County criminal case. However, as opposed to suing the individuals responsible for these acts, Plaintiff has only sued the State of Nebraska.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A state is not a "person" for purposes of 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "In addition, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity." *Webb v. Nebraska*, No. 8:19CV416, 2019 WL 5684393, at *4 (D. Neb. Nov. 1, 2019) (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995)); *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) ("Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity.") Accordingly, Plaintiff has failed to state 42 U.S.C. § 1983 claims as the Complaint is currently written.

Even if Plaintiff had sued a proper defendant, his claims of improper investigation are unlikely to be successful because "[t]o establish a constitutional violation based on an inadequate investigation, a plaintiff must show that the defendant officer's failure to investigate was intentional or reckless, thereby shocking the conscience," and "[m]ere negligent failure to investigate, such as failing to follow up on additional leads, does not violate due process." *Winslow v. Smith*, 696 F.3d 716, 732

5

(8th Cir. 2012) (internal quotation marks and citations omitted); *see also Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) ("While [police officer's] failure to investigate the rape may have violated state law and common sense, it did not rise to the level of a separate constitutional violation of [the plaintiff's] rights."); *McKenna v. St. Louis Cty. Police Dep't*, No. 4:09CV1113, 2010 WL 56011, at *4 (E.D. Mo. Jan. 4, 2010) ("it is well settled that a police officer does not violate an individual's constitutional rights by failing to investigate").

Plaintiff might be attempting to bring section 1983 claims against members of the Nebraska State Patrol who allegedly "violently arrested" him in North Platte, Nebraska, on April 30, 2020—an incident that resulted in criminal charges against Plaintiff for terroristic threats, a 3A felony, in Phelps County, Nebraska. That case is still pending in the state courts. *State v. Lammers*, No. CR 20-32 (Phelps County Dist. Court). Therefore, the court must abstain from exercising jurisdiction over Lammers' potential claims for relief regarding this incident pursuant to the *Younger* abstention doctrine. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Lammers' ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Lammers has alleged no such extraordinary circumstances. Thus, the court will not interfere with, or intervene in, Lammers' ongoing criminal proceedings.

Finally, Plaintiff may be attempting to assert a section 1983 Fourth Amendment claim against Trooper Schwarz for allegedly initiating a traffic stop of Plaintiff on November 9, 2021, without probable cause and for the sole purpose of intimidating Plaintiff with regard to his Phelps County criminal case. "The Fourth Amendment protects against 'unreasonable searches and seizures.' U.S. Const. amend. IV. A traffic stop constitutes a seizure under the Fourth Amendment." *United States v. $45,000.00*

*in U.S. Currency*, 749 F.3d 709, 715 (8th Cir. 2014) (internal quotation marks and citations omitted).

> A traffic stop is constitutionally reasonable where the police have probable cause to believe that a traffic violation has occurred. Explained another way, any traffic violation, even a minor one, gives an officer probable cause to stop the violator, and therefore, any ulterior motivation on the officer's part is irrelevant. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the officer at the time.

*Garcia v. City of New Hope*, 984 F.3d 655, 663-64 (8th Cir. 2021) (internal quotation marks and citations omitted). A traffic stop may last no longer than is necessary to address the traffic violation that warranted the stop and related safety concerns. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).

Here, Plaintiff does not sue the officer who was allegedly responsible for the unlawful traffic stop, and therefore does not state a section 1983 claim. *Iqbal*, 556 U.S. 662, 676 (2009) (in section 1983 suits, plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution); *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." (internal quotation marks and citation omitted)).

### IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but the court will give Plaintiff 30 days to file an amended complaint which states a claim upon which relief may be granted.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time

specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into **one document** may result in abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 11, 2022**—amended complaint due.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

DATED this 10th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge